IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL D. QUICK, Sr., | ) |
| Petitioner, | ) ) ) |
| v. | ) CIV-06-1250-C ) ) |
| JUSTIN JONES, Director,[1] | ) ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the multiple convictions entered against him in the District Court of Oklahoma County, Case No. CF-90-3141. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be transferred to the United States Court of Appeals for the Tenth Circuit.

---

[1] Although Petitioner names "Warden Miller" and the Oklahoma Attorney General as Respondents, Petitioner is housed in a private correctional facility, the Lawton Correctional Facility. Under these circumstances, Mr. Jones, the Director of the Oklahoma Department of Corrections, is the state officer having custody of Petitioner pursuant to Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, and Mr. Jones has been substituted as the Respondent herein.

1

According to the Petitioner's assertions in the Petition, he is currently incarcerated at the Lawton Correctional Facility serving an aggregate 1,600 year term of imprisonment entered in Case No. CF-90-3141 for his convictions for fourteen felonies, including convictions for kidnapping, three counts of forcible oral sodomy, five counts of "rape," anal sodomy, three counts of oral sodomy, and shooting with intent to kill. Petitioner challenges these convictions on the grounds that: a search of his co-defendant's vehicle was unlawful, his trial and appellate counsel provided constitutionally ineffective assistance, exculpatory evidence was withheld by the prosecution, and prosecutorial misconduct denied him a fair trial. The Court's records, of which the undersigned takes judicial notice, reflect that Petitioner filed a previous 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court challenging the same convictions. In Quick v. Ward, Case No. CIV-97-1568-A, Petitioner filed a Petition on September 26, 1997, and the Petition was assigned to United States District Judge Wayne Alley. The matter was referred by District Judge Alley to United States Magistrate Judge Ronald Howland pursuant to 28 U.S.C. § 636(b)(1)(B), and Magistrate Judge Howland issued a Report and Recommendation in the matter on October 30, 1997. In the Report and Recommendation, Magistrate Judge Howland recommended that the Petition be dismissed with prejudice as barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A). By Order entered November 18, 1997, District Judge Alley adopted the Report and Recommendation and dismissed the case with prejudice as time-barred by operation of 28 U.S.C. § 2244(d)(1). Petitioner did not appeal this decision.

As part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

effective April 24, 1996, 28 U.S.C. §2244 was amended to provide that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). This "screening" mechanism established by the AEDPA applies to the Petition now before the Court. See Felker v. Turpin, 518 U.S. 651, 664 (1996)(upholding constitutionality of § 2244(b)(3)(A)); Hatch v. Oklahoma, 92 F.3d 1012, 1014 (10th Cir. 1996)(habeas petition filed after effective date of AEDPA must comply with its relevant provisions).

This is the second attempt by Petitioner to challenge the convictions and sentences entered against him in Case No. CF-90-3141. Accordingly, pursuant to 28 U.S.C. § 2244(b)(3)(A) this Court has no authority to consider this successive Petition unless and until Petitioner receives authorization from the United States Court of Appeals for the Tenth Circuit to proceed before this Court. Petitioner has failed to provide the requisite authorization from the appellate court. Petitioner alleges only that he has not been allowed physical access to the prison's law library and is "legally blind." These issues must be addressed in the first instance by the Tenth Circuit Court of Appeals.

When a petitioner has filed a second or successive petition in this Court without the required authorization, this Court should transfer the petition to the Tenth Circuit Court of Appeals. Coleman v. United States, 106 F.3d 339, 341(10th Cir. 1997)(*per curiam*). Therefore, the Petition must be transferred to the appellate court.

RECOMMENDATION

Based on the foregoing reasons, it is recommended that in the interest of justice the case be transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. §2244(b)(3)(A) so that Petitioner may seek authorization to file a successive petition for writ of habeas corpus. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by  December 4th, 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  14th  day of   November, 2006.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE